JAMES L. DENNIS, Circuit Judge,
concurring:
Carmen Boche-Perez moved to suppress the confessions he made to arresting officers while in custody on the ground that they were involuntary and that the government’s two-day delay in presenting him to a magistrate judge required suppression under the McNabb-Mallory exclusionary rule. See 18 U.S.C. § 3501(c); Fed. R.CRIM.P. 5(a)(l )(A); Corley v. United States, 556 U.S. 303, 129 S.Ct. 1558, 173 L.Ed.2d 443 (2009); Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943). I agree with the majority’s conclusions that the confessions were voluntary and that Boche-Perez’s first two confessions need not be suppressed be *344 cause the government’s delay in obtaining those confessions was reasonable under the circumstances and not calculated to extract a confession, and that the admission of his third confession, which occurred at 9:00 p.m. on the evening he was arrested, was at most harmless error. I write separately to emphasize two points. First, it is only under the unusual circumstances of this case that Boche-Perez’s 9:00 p.m. confession is harmless error. Second, while I do not approve of the government’s extended delay in presenting Boche-Perez to a magistrate judge after he made incriminating statements to investigators, the Supreme Court has held that an otherwise admissible confession obtained during a period of lawful detention is not subject to suppression merely because of the government’s subsequent failure promptly to take the confessing defendant before a magistrate. United States v. Mitchell, 322 U.S. 65, 70-71, 64 S.Ct. 896, 88 L.Ed. 1140 (1944). Accordingly, I concur in the majority’s opinion affirming the denial of Boche-Perez’s motion to suppress all three of his confessions.
I.
First, there is a strong argument that Boche-Perez’s third confession was made during a period of unnecessary delay under McNabb-Mallory and Corley. After Boche-Perez first confessed, he was forced to wait nearly six more hours before he was booked into the Webb County jail at 11:40 p.m. that night. Much of that delay is due to the fact that the government inexplicably waited three hours before interviewing Boche-Perez again at approximately 9:00 p.m. The government offered no justification for this delay, and Agent Silva’s testimony suggests that he reinter-viewed Boche-Perez at 9:00 p.m. to get more information that would enable him to obtain a search warrant of Boche-Perez’s home in Arkansas. Cf. Mallory, 354 U.S. at 455, 77 S.Ct. 1356 (“[T]he delay must not be of a nature to give opportunity for the extraction of a confession.”); United States v. Liera, 585 F.3d 1237, 1243 (9th Cir.2009) (holding delay to obtain a second confession, which, unlike the first confession, could be audio-recorded, was unreasonable because “[a]n audio recording of Liera’s statements was ... unnecessary to complete the arraignment process or determine whether to file criminal charges”).
However, due to the unusual circumstances of this case, I agree that the district court’s failure to grant Boche-Perez’s motion to suppress his 9:00 p.m. confession was harmless error. Cf., e.g., Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (holding that harmless-error analysis applies to admissibility of coerced confessions); Premo v. Moore, — U.S. -, 131 S.Ct. 733, 745, 178 L.Ed.2d 649 (2011) (discussing, through lens of § 2254 and Strickland, application of Fulminante’s harmless-error rule to cases involving plea bargains when the defendant might have moved to suppress his confession but failed to do so). Boche-Perez never asked this court or the district court to differentiate between the content of the 9:00 p.m. confession and the earlier confessions. Indeed, the 9:00 p.m. confession largely duplicated and corroborated the incriminating content of Boche-Perez’s earlier confessions, and even without considering the 9:00 p.m. confession, there was ample evidence against Boche-Perez both in the form of the DVDs agents discovered in Boche-Perez’s luggage and his earlier confessions. The 9:00 p.m. confession also did not affect Boche-Perez’s sentence because the district court declined to consider the additional evidence that the government seized following the third confession at Boche-Perez’s home in Arkansas. Additionally, the government gave no indication that its prosecution depended on *345 the admission of Boche-Perez’s 9:00 p.m. confession — or any confession at all — because the U.S. Attorney’s office indicated its willingness to proceed with prosecution before Boche-Perez confessed, and Boche-Perez does not now deny that he knew that the DVDs contained child pornography. Cf. Premo, 131 S.Ct. at 745 (explaining, in § 2254 case, that “even on direct review,” the erroneous admission of the defendant’s confession likely would have been harmless error because “evidence against [the defendant] was strong[;] [t]he accounts of [his] [two] confession[s] ... corroborated each other[;] [t]he State gave no indication that its ... prosecution depended on the admission of the police confession^] and [the defendant] does not now deny” that he committed the offense to which he pleaded guilty). Therefore, I agree with the majority that the denial of Boche-Perez’s motion to suppress his 9:00 p.m. confession was at most harmless error.
II.
As I stated at the outset, I also agree with the majority’s conclusion that the delay in presentment following Boche-Per-ez’s confessions does not warrant the suppression of his confessions. That delay— because it occurred after Boche-Perez confessed — does not require the suppression of his confessions. See Mitchell, 322 U.S. at 70-71, 64 S.Ct. 896; Corley, 556 U.S. at 306, 129 S.Ct. 1558 (“[A]n arrested person’s confession is inadmissible if given after an unreasonable delay in bringing him before a judge.”) (emphasis added). However, I am not unsympathetic to Boche-Perez’s complaint that he was forced to spend two nights in jail before being presented to a magistrate. The government offers no explanation for this delay other than its compliance with the U.S. Attorney’s office policy that requires arresting officers to submit the paperwork for a defendant’s initial appearance by 4:00 p.m. on the day before the defendant is presented to a magistrate judge.
After arresting Boche-Perez and obtaining both written and oral confessions and securing his prosecution by the U.S. Attorney’s office, the government delayed presenting Boche-Perez to a magistrate judge for two days after the government agreed to prosecute him. The U.S. Attorney’s office agreed to prosecute Boche-Perez at 3:22 p.m. on Wednesday, October 27, 2010, and agents booked him into the county jail that same evening. The federal building was within a ten-to-fifteen minute drive from where Boche-Perez was arrested, and agents confirmed that they had everything they needed to proceed with a prosecution. The record does not reflect that the delay was due to a shortage of government personnel or judges necessary to complete the arraignment process. Nevertheless, Boche-Perez was forced to spend two nights in county jail before he was presented to the magistrate judge on the morning of Friday, October 29, 2010. Under the circumstances, the arresting officers did not take Boche-Perez “without unnecessary delay before a magistrate judge,” Fed.R.Crim.P. 5(a)(l)(A), thereby violating the requirement that an arresting officer take an arrestee before a magistrate “as soon as he reasonably c[an],” Corley, 556 U.S. at 306, 129 S.Ct. 1558.
While, as noted above, the government’s extended delay in presenting Boche-Perez to a magistrate judge does not require the suppression of Boche-Perez’s confessions, see, e.g., Mitchell, 322 U.S. at 70-71, 64 S.Ct. 896, the government’s conduct in this case flouted the letter and purpose of Rule 5(a) and the prompt-presentment requirement. “[Requiring that the police must with reasonable promptness show legal cause for detaining arrested persons ... *346 constitutes an important safeguard — not only in assuring protection for the innocent but also in securing conviction of the guilty by methods that commend themselves to a progressive and self-confident society.... [It] checks resort to those reprehensible practices known as the ‘third degree’ which, though universally rejected as indefensible, still find their way into use. It aims to avoid all the evil implications of secret interrogation of persons accused of crime.” Mallory, 354 U.S. at 452-53, 77 S.Ct. 1356 (quoting McNabb, 318 U.S. at 343-44, 63 S.Ct. 608) (quotation marks and alteration omitted). Indeed, the Fourth Amendment requires that a defendant receive a judicial determination of probable cause promptly after arrest or detention. Gerstein v. Pugh, 420 U.S. 103, 114, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); see Cnty. of Riverside v. McLaughlin, 500 U.S. 44, 56-59, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) (holding that Riverside County’s failure to provide prompt judicial determinations of probable cause was susceptible to a Fourth Amendment challenge brought pursuant to 42 U.S.C. § 1983).
I do not think that the government’s extended delay in presenting Boche-Perez to a magistrate judge after he confessed can be justified solely by the 4:00 p.m. deadline imposed by the U.S. Attorney’s office. As the Supreme Court elucidated in McLaughlin, for Fourth Amendment purposes, simple administrative rules or practices are unlikely to justify a lengthy delay in presentment. See 500 U.S. at 57, 58, 111 S.Ct. 1661 (suggesting that while “practical realities” outside of arresting officers’ control might render a delay reasonable, at least for Fourth Amendment purposes, simple administrative rules or practices — there, Riverside County’s policy of offering combined probable-cause determinations and arraignments within two days of arrest, exclusive of Saturdays, Sundays, or holidays — are unlikely to justify a lengthy delay).[1] Applying similar reasoning, in United States v. Valenzuela-Espinoza, 697 F.3d 742 (9th Cir.2011), the court held that delay in presentment due to a court policy requiring paperwork for an initial appearance to be submitted by 10:30 a.m. on the intended day of the hearing — a policy nearly identical to the one here — was unreasonable and unnecessary under Rule 5(a) and Corley-McNabb-Mallory.[2]
That is not to say that all delay caused by administrative rules will necessarily be unreasonable. I share the majority’s appreciation for the need for some administrative deadlines to streamline busy dockets. For example, “courts have found it permissible for the police to wait for regular business hours to bring the suspect to court.” ChaRles Alan Wright & Andrew D. Leipold, 1 Federal Practice & Prooe-dure § 73, at 185 & n. 21 (4th ed.2008); see, e.g., United States v. Redlightning, 624 F.3d 1090, 1109 (9th Cir.2010) (“[N]o *347 magistrate judge was reasonably available until 2:30 p.m. on October 3, when the next arraignment calendar commenced, so the delay until 2:30 p.m. on October 3 was reasonable.”). Here, though, Boche-Perez was not brought promptly to a magistrate at the next arraignment calendar, on the Thursday after he was arrested; instead, he was forced to remain in jail until Friday morning. See United States v. Wilson, 838 F.2d 1081, 1085 (9th Cir.1988) (“Even assuming that the delay overnight was reasonable, there is no reasonable excuse why Wilson was not promptly arraigned at the beginning of the arraignment calendar the next day.” (footnote omitted)); Valenzuela-Espinoza, 697 F.3d at 751 (“An internal policy agreed upon by prosecutors and magistrate judges cannot trump the requirements of a federal statute and the Federal Rules of Criminal Procedure.... It is not the longstanding principle embodied in McNabb-Mallory that must give way to local paperwork needs, but the local paperwork policy that must be tailored to the requirements of McNabb-Mallory, its implementing statute, and rule.” (internal quotation marks and citations omitted)). To my mind, the extended delay that occurred in Boche-Perez’s case casts significant doubt upon whether the 4:00 p.m. policy is tailored to the requirements of McNabb-Mallory. Such administrative rules should not routinely cause extended delays in presentment merely because they are convenient: convenience is not necessity.
As I have said, I agree with the majority that the two-day delay in presenting Boche-Perez to a magistrate does not require the suppression of his self-incriminating statements to investigators in this case. See Mitchell, 322 U.S. at 70, 64 S.Ct. 896. That is not to say, however, that the delay in presenting Boche-Perez to a magistrate was reasonable or necessary. “Such delay ... is not acceptable as standard operating procedure; far from it.” United States v. Perez-Bustamante, 963 F.2d 48, 54 (5th Cir.1992); see Miranda v. Arizona, 384 U.S. 436, 463 n. 32, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (stating, with respect to the McNabb-Mallory rule, that the Court’s “decision today does not indicate in any manner, of course, that these rules can be disregarded. When federal officials arrest an individual, they must as always comply with the dictates of the congressional legislation and cases thereunder.”).
In conclusion, I concur but write separately to amplify the majority’s admonition, ante at n. 7, that a government agency’s internal timetables cannot ipso facto justify extended delays in presentment.

. While McLaughlin addressed government officials' obligations under the Fourth Amendment, McLaughlin provides apt guidance because it considered a factual scenario very similar to the one presented in our case and applied a standard quite similar to the prompt-presentment requirement set forth in Corley and Federal Rule of Criminal Procedure 5, namely, that the government must offer probable-cause proceedings "as soon as is reasonably feasible.” McLaughlin, 500 U.S. at 57, 111 S.Ct. 1661; cf. Fed.R.Crim.P. 5(a)(l)(A); Corley, 556 U.S. at 306, 129 S.Ct. 1558 (explaining that the prompt-presentment rule requires that an arresting officer must bring an arrestee before a magistrate "as soon as he reasonably c[an]” (emphasis added)).

. In Valenzuela-Espinoza, unlike in the present case, the defendant confessed during this period of unnecessary delay — not before it— therefore requiring the suppression of his confession.